1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

12

| | |
|---|---|
| JAMES B. PINKERTON,<br><br>                Plaintiff,<br><br>    v.<br><br>HANSON MOTORS, INC. and STEVEN<br>W. HANSON,<br><br>                Defendants. | CASE NO. C16-5634BHS<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANT'S MOTION TO<br>DISMISS |

13

14

15

16

17

18

This matter comes before the Court on Defendant Hanson Motors, Inc.'s ("Hanson") motion to dismiss for insuffiency of process and insufficiency of service of process (Dkt. 5).  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

19

20

21

22

On July 15, 2016, Plaintiff James Pinkerton ("Pinkerton") filed an employment discrimination complaint against Hanson.  Dkt. 1.

1    On December 15, 2016, Hanson filed the instant motion.  Dkt. 5.  On January 6,

2    2017, Hanson replied stating that Pinkerton failed to respond and the Court should grant

3    the motion.  Dkt. 7.  Later that day, Pinkerton filed a response.  Dkt. 8.  On January 11,

4    2016, Hanson filed a surreply.  Dkt. 10.

5                                 **II. DISCUSSION**

6    Hanson seeks dismissal of Pinkerton's claims for insufficiency of service of

7    process.  The plaintiff bears the burden of establishing the validity of service under Rule

8    4.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  In some instances, Rule 4

9    may be liberally construed "so long as the opposing party receives sufficient notice of the

10   complaint."  *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d

11   1371, 1382 (9th Cir. 1984). The sufficient notice exception, however, is not a license to

12   ignore Rule 4.  The Ninth Circuit has held that failure to comply with service

13   requirements does not warrant dismissal if: "(a) the party that had to be served personally

14   received actual notice, (b) the defendant would suffer no prejudice from the defect in

15   service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the

16   plaintiff would be severely prejudiced if his complaint were dismissed."  *Borzeka v.*

17   *Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).  A party's pro se status, alone, is not a

18   justifiable excuse for defective service.  *See Hamilton v. Endell*, 981 F.2d 1062, 1065

19   (9th Cir. 1992).

20   Although Pinkerton provides some reasons for his failure to serve, Dkt. 8, the

21   Court finds that none rise to the level of a justifiable excuse to fail to deliver a couple

22   documents to his former employer.  However, even in unjustified circumstances, the

1  Court may dismiss the action without prejudice or order that proper service be made

2  within a specified time. *See* Fed. R. Civ. P. 4(m); *see also Stevens v. Sec. Pac. Nat'l*

3  *Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).  The Court finds that, in light of Pinkerton's

4  circumstances of dealing with illnesses and losing his home, allowing additional time to

5  effectuate service is warranted.  Therefore, the Court grants Hanson's motion on the

6  merits, but denies it as to remedy.

7  **III. ORDER**

8       Therefore, it is hereby **ORDERED** that Hanson's motion to dismiss for

9  insufficency of process and insufficiency of service of process (Dkt. 5) is **GRANTED in**

10 **part** and **DENIED in part**.  Pinkerton must file an affidavit of service of summons and

11 complaint no later than March 3, 2017.  Failure to comply or otherwise respond will

12 result in **DISMISSAL without prejudice** without further order of the Court.

13      Dated this 8th day of January, 2017.

14

15

16 BENJAMIN H. SETTLE
   United States District Judge

17

18

19

20

21

22