UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES B. PINKERTON,<br><br>                Plaintiff,<br><br>   v.<br><br>HANSON MOTORS, INC. and STEVEN W. HANSON,<br><br>                Defendants. | CASE NO. C16-5634BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Hanson Motors, Inc., and Steven Hanson's (collectively "Hanson") second motion to dismiss for insuffiency of process and insufficiency of service of process (Dkt. 17) and motion for extension of time (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 15, 2016, Plaintiff James Pinkerton ("Pinkerton") filed an employment discrimination complaint against Hanson. Dkt. 1.

On December 15, 2016, Hanson moved to dismiss for insuffiency of process and insufficiency of service of process. Dkt. 5. On February 8, 2017, the Court granted the motion on the merits and granted Pinkerton leave to perfect service. Dkt. 11. On February 17, 2017, Pinkerton filed an affidavit of service of summons and complaint showing that Matthew Howard served the papers on Frank Kersul. Dkt. 15.

On March 8, 2017, Hanson moved to dismiss for insuffiency of process and insufficiency of service of process. Dkt. 17. On April 6, 2017, Pinkerton responded. Dkt. 22. On April 7, 2017, Hanson moved for an extension of time to reply. Dkt. 23. On April 8, 2017, Pinkerton stipulated to the extension of time.[1] Dkt. 24. On April 12, 2017, Hanson replied. Dkt. 25.

## II. DISCUSSION

Hanson seeks dismissal of Pinkerton's claims for insufficiency of service of process. The plaintiff bears the burden of establishing the validity of service under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In some instances, Rule 4 may be liberally construed "so long as the opposing party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). The sufficient notice exception, however, is not a license to ignore Rule 4. The Ninth Circuit has held that failure to comply with service requirements does not warrant dismissal if: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in

_____

[1] The motion is granted, and the Court will consider the reply.

service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). A party's pro se status, alone, is not a justifiable excuse for defective service. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992).

In this case, it is undisputed that Pinkerton failed to perfect service. First, a factual dispute exists whether Mr. Kersul is authorized to accept service on behalf of the corporation. Mr. Kersul is the General Sales Manager in Olympia, and Mr. Howard declares that employees at Hanson, including Mr. Kersul himself, informed him that Mr. Kersul could accept service on behalf of the corporation. The Washington Supreme Court has explained that an individual "'must have some substantial part in the management of its affairs generally or in a particular district or locality'" to be a "managing agent" of a corporation for purposes of RCW 4.28.080(9). *Johanson v. United Truck Lines*, 62 Wn.2d 437, 440 (1963) (citation omitted); *accord Shipp v. Mason Gen. Hosp. Found.*, 147 Wn.App. 1023, 2008 WL 4868879, at *3–4 (2008). It would appear that a general manager would be considered a managing agent under the relevant statute. The Court, however, declines to resolve this issue at this time because Pinkerton failed to deliver the correct documents.

Hanson contends that Mr. Howard served an amended complaint that varies from the complaint on file. Pinkerton concedes this point, but contends the error was "inadvertent and unintentional . . . ." Dkt. 22 at 2. Regardless of the reason for the error, Pinkerton's failure to serve the proper complaint is dispositive. *Galekovich v. City of*

1   *Vancouver*, 11-5736BHS, 2012 WL 750445, at *4 (W.D. Wash. Mar. 8, 2012)  ("the

2   Court finds that the service was improper on all the foregoing Defendants and Holmes

3   because the complaint that Plaintiff attempted to serve was not the same complaint that

4   he filed in Court.").  Therefore, the Court grants Hanson's motion on the merits.

5         The next issue is an appropriate remedy for Pinkerton's second failure to perfect

6   service.

7            Upon determining that process has not been properly served on a
           defendant, district courts possess broad discretion to either dismiss the

8           plaintiff's complaint for failure to effect service or to simply quash service
           of process.  However, dismissal of a complaint is inappropriate when there

9           exists a reasonable prospect that service may yet be obtained. In such
           instances, the district court should, at most, quash service, leaving the

10         plaintiffs free to effect proper service.

11   *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  Because dismissal without

12   prejudice may implicate statute of limitations concerns, the Court finds that quashing

13   service is the more appropriate remedy at this time.  Moreover, under the Ninth Circuit's

14   four–part test, Pinkerton's failure to comply with service requirements does not warrant

15   dismissal.  *Hamilton*, 981 F.2d at 1065.  Hanson has notice of the original complaint, the

16   defect in service is technical, the failure to properly serve the original compliant is

17   justifiable, and Pinkerton could be severely prejudiced is his complaint is dismissed

18   without prejudice.   Therefore, the Court denies Hanson's motion as to the remedy of

19   dismissing Pinkerton's complaint.

20                     **III. ORDER**

21         Therefore, it is hereby **ORDERED** that Hanson's motion to dismiss for

22   insufficiency of process and insufficiency of service of process (Dkt. 17) is **GRANTED in**

**part** and **DENIED in part** and Hanson's motion for extension of time (Dkt. 23) is

**GRANTED**.  Pinkerton must file an affidavit of service of summons and complaint no

later than May 19, 2017.  Failure to comply or otherwise respond will result in

**DISMISSAL without prejudice** without further order of the Court.  Failure to perfect

service a third time will most likely result in **DISMISSAL without prejudice**.

Dated this 3rd day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge