UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES B. PINKERTON,

    Plaintiff,

v.

HANSON MOTORS, INC. and STEVEN W. HANSON,

    Defendants.

CASE NO. C16-5634BHS

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT AND REVERSE JUDGMENT

This matter comes before the Court on Plaintiff James Pinkerton's ("Pinkerton") emergency motion to amend judgment (Dkt. 29) and motion to reverse judgment or order (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 15, 2016, Pinkerton filed an employment discrimination complaint against Defendants Hanson Motors, Inc., and Steven Hanson (collectively "Hanson"). Dkt. 1.

On December 15, 2016, Hanson moved to dismiss for insufficiency of process and insufficiency of service of process. Dkt. 5. On February 8, 2017, the Court granted the motion on the merits and granted Pinkerton leave to perfect service. Dkt. 11. On February 17, 2017, Pinkerton filed an affidavit of service of summons and complaint showing that Matthew Howard served the papers on Frank Kersul. Dkt. 15.

On March 8, 2017, Hanson moved to dismiss for insufficiency of process and insufficiency of service of process. Dkt. 17. On May 3, 2017, the Court granted the motion in part and denied the motion in part. Dkt. 28. The Court also ordered as follows:

> Pinkerton must file an affidavit of service of summons and complaint no later than May 19, 2017. Failure to comply or otherwise respond will result in **DISMISSAL without prejudice** without further order of the Court. Failure to perfect service a third time will most likely result in **DISMISSAL without prejudice**.

*Id*. at 5.

That night, Pinkerton emailed Hanson's attorney, Ryan Hammond, asking various questions regarding service. Dkt. 29-1 at 1. On May 5, 2017, Mr. Hammond responded and informed Pinkerton that the corporate defendant would stipulate to service via the attorney if Pinkerton agreed to dismiss the individual defendant without prejudice. *Id*. at 3. Pinkerton did not respond to Mr. Hammond's email.

On May 22, 2017, the Clerk noticed that Pinkerton had failed to file an affidavit of service or otherwise respond to the Court's order. Thus, the Clerk closed the case without further order of the Court.

Later that day, Pinkerton filed an emergency motion to amend the judgment. Dkt. 29. On June 26, 2017, Hanson responded. Dkt. 30. On June 30, 2017, Pinkerton filed a motion to reverse judgment or order. Dkt. 31. On July 5, 2017, Hanson filed a surreply. Dkt. 33. On July 8 and 11, 2017, Pinkerton filed replies. Dkts. 34, 35. On July 17, 2017, Hanson filed a response, Dkt. 36, and Pinkerton filed a reply, Dkt. 38. On July 18, 22, and 23, 2017, Pinkerton filed letters and exhibits in support of his motions. Dkts. 39–44.

## II. DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the [various] reasons . . . ." Fed. R. Civ. P. 60(b). Although Pinkerton fails to explicitly state the legal basis for his motions, he continually alleges that Hammond engaged in numerous acts of fraud and misconduct. *See*, *e.g.*, Dkt. 31 at 11–12. Rule 60(b)(3) provides that a moving party may obtain relief from adverse orders for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

In this case, Pinkerton has failed to show with clear and convincing evidence that Mr. Hammond engaged in any misconduct of any kind. Mr. Hammond relayed an offer of mutual stipulation, and Pinkerton failed to respond. More importantly, Pinkerton

failed to comply with the Court's order of otherwise responding. Pinkerton twice failed to properly serve Hanson, and, having missed these deadlines to effectuate service, the Court set a new deadline and explicitly warned Pinkerton of the repercussions for missing the deadline. Not only did Pinkerton fail to serve any defendant by that deadline, Pinkerton also failed to reply to the Court in any manner whatsoever. Thus, Pinkerton's failures were his own and there is no evidence of misconduct by Mr. Hammond. Accordingly, dismissing his complaint without prejudice was an appropriate action.

### III. ORDER

Therefore, it is hereby **ORDERED** that Pinkerton's emergency motion to amend judgment (Dkt. 29) and motion to reverse judgment or order (Dkt. 31) are **DENIED**.

Dated this 7th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge